| | |
|---|---|
| FLOYD J. DOLLARHIDE, ) | |
| ) | Civil Action No. 5:07CV00060 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Floyd J. Dollarhide, was born on October 30, 1955, and eventually reached the eighth grade in school. Mr. Dollarhide has worked as a kitchen helper, maintenance man, dish washer, and security guard. At the time of the administrative hearing on January 27, 2005, plaintiff was working as a security guard on a part-time basis. On August 8, 2003, Mr. Dollarhide filed applications for disability insurance benefits and supplemental security income benefits. He alleged that he became disabled for all forms of substantial gainful employment on January 29, 2000 due to diabetes mellitus. At the time of the administrative hearing, plaintiff amended his applications so as to reflect an alleged disability onset date of December 1, 2003. (TR 304). He now maintains that

he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Dollarhide met the insured status requirements of the Act at all relevant times. See, gen., 42 U.S.C. § 423.

Mr. Dollarhide's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 25, 2005, the Law Judge also determined that Mr. Dollarhide is not disabled. The Law Judge found that plaintiff was engaged in the performance of substantial gainful activity at the time of alleged disability onset. Accordingly, the Law Judge concluded that Mr. Dollarhide is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(b) and 416.920(b). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Dollarhide has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Stated succinctly, the court

believes that the Administrative Law Judge's reasoning is fatally deficient because the Law Judge overlooked the amendment of plaintiff's alleged disability onset date. There can be no doubt that the Law Judge understood that plaintiff intended to amend his alleged onset date from January 29, 2000 to December 1, 2003, and there is every reason to believe that the Law Judge granted the amendment. (TR 304). Yet, in his opinion, the Law Judge evaluated plaintiff's work activity under the assumption that plaintiff claimed disability onset as of January 29, 2000. (TR 18-19). For example, in his opinion, the Law Judge stated as follows:

> Given an alleged onset date of September 1, 1998, the claimant's earnings record indicates earnings in 2000 of $15,109 or an average of $1,259 monthly, in 2001 earnings of $12,244 or an average of $1,020, in 2002 earnings of $8,366 or an average of $696, in 2003 earnings of $10,280 or an average of $850, and earnings in 2004 of $7,183 or an average of $598. (Exhibit 2D). He testified that he is currently working 30 hours a week.
>
> Given an alleged onset date of January 29, 2000, the Administrative Law Judge finds that the extent and level of the claimant's work activity is suggestive that the claimant has been functioning at a level of substantial gainful work activity since the alleged onset date to the present time.

(TR 18). From this short summary, it is abundantly clear that the nature and extent of plaintiff's work activity was very different in 2004 than during 2000, 2001, 2002, or the first eleven months of 2003. Accordingly, the court finds "good cause" for remand of this case to the Commissioner so that it can be determined whether plaintiff engaged in substantial gainful activity based strictly on his employment after December 1, 2003.

On appeal to this court, the Commissioner argues that remand is unnecessary, inasmuch as the Law Judge has already considered the nature and extent of plaintiff's work activity during 2004. It is true that the Administrative Law Judge received testimony about plaintiff's work activity in calendar year 2004. During this period, plaintiff worked as a janitor at Wal-Mart, a kitchen helper

3

at Country Cookin', and a security officer for Abatis Security. According to the Law Judge, plaintiff quit work at Wal-Mart because it was too heavy. (TR 17). He worked as a kitchen helper for about two months, before returning on a part-time basis to Abatis, where he had previously worked. (TR 17). Arguably, Mr. Dollarhide's description of his work at Abatis might admit the interpretation that his employment efforts constituted substantial gainful activity. The difficulty in the Commissioner's position in this regard is that the Law Judge did not rely exclusively on plaintiff's description of his work at Abatis in determining that plaintiff was performing substantial gainful activity.

In his findings of fact, the Administrative Law Judge stated his crucial findings and conclusions as follows:

> The claimant is currently working as a security guard, and has been working at Abatis Security as a guard since 1986, and that with other work at Wal-Mart and Country Cookin', he has been earning a monthly average in excess of the amount sufficient to indicate substantial gainful work activity. (20 C.F.R. 404.1574(b)(2)(vii) and 416.974(b)(2)(vii)).
>
> The claimant's work activity involves significant physical or mental activity for pay or profit (20 C.F.R. §§ 404.1572 and 416.972).

(TR 19). A review of plaintiff's earnings records reveals that Mr. Dollarhide's employment activity after December 1, 2003, actually resulted in a monthly average <u>below</u> the amount sufficient to indicate substantial gainful activity under the regulation. See 20 C.F.R. §§ 404.1574(b)(2)(vii) and 416.974(b)(2)(vii).[1] Thus, it is clear that the Law Judge's erroneous finding as to plaintiff's alleged disability onset date resulted in a factual analysis which is not supported by the evidence of record. As it now stands, the Commissioner's final decision cannot be said to be supported by substantial evidence.

---

[1] Presumably, it was for this reason that plaintiff amended his alleged disability onset date in the first place.

4

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further development and consideration. An appropriate order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of day of March, 2008.

/s/ Jack Conrad
United States District Judge